**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MICHAEL JORDAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-cv-2701 |
| STELLAR RECOVERY, INC. | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MICHAEL JORDAN ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, STELLAR RECOVERY, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Houston, Harris County, Texas.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is debt collection agency headquartered in Kalispell, Montana.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Within one year prior to the filing of this action Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

17. On April 14, 2015, Plaintiff pulled Plaintiff's credit report and noticed Defendant reported

Plaintiff's account as a charge off or collection account on Plaintiff's credit report.

18. On or about April 25, 2015, Plaintiff faxed a dispute letter to Defendant. *See* Plaintiff's redacted letter to Defendant attached as Exhibit A.

19. On April 25, 2015, Defendant received Plaintiff's faxed dispute letter. *See* the delivery confirmation attached as Exhibit B.

20. Plaintiff's letter to Defendant included Plaintiff's full name, address, and last 4 digits of Plaintiff's social security number so that Defendant could quickly and easily locate Plaintiff's account with Defendant.

21. Plaintiff's letter to Defendant clearly and unequivocally advised Defendant that the alleged debt was disputed.

**22.** Despite receiving Plaintiff's dispute letter, as of July 9, 2015, to Plaintiff's astonishment, Defendant continued to report the alleged debt on Plaintiff's credit report, but did not update its reporting of the debt to include the proper notations indicating that Plaintiff was disputing the alleged debt.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated here under Plaintiff's Complaint.

24. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692e(8) by failing to report Plaintiff's alleged debt to the credit reporting bureaus as disputed by Plaintiff, and

    b. Defendant violated 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information

concerning a consumer.

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL JORDAN, respectfully requests that judgment be entered against Defendant for the following:

27. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent violations of the FDCPA, in an amount to be determined at trial;

28. Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

29. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

30. For such other and further relief as the Court may deem just and proper.

DATED:  September 9, 2015          RESPECTFULLY SUBMITTED,

                    By:_/s/ Michael S. Agruss_____
                        Michael S. Agruss
                        IL State Bar #: 6281600
                        Agruss Law Firm, LLC
                        4611 N. Ravenswood Ave., Suite 201
                        Chicago, IL 60640
                        Tel: 312-224-4695
                        Fax: 312-253-4451
                        michael@agrusslawfirm.com
                        Attorney for Plaintiff

4

# **EXHIBIT A**



*Michael Jordan*

4/25/2015

ATTENTION: Stellar Recovery Inc
1327 Highway 2 West Suite 100
Kalispell, Mt 59901

Regarding:   Stellar Recovery Inc 1120 (Equifax)

Stellar Recovery Inc 1522 (TransUnion)

Stellar Recovery Inc 1522 (Experian)

Stellar Recovery Inc 1522 (Equifax)

Dear Stellar Recovery Inc,

I recently checked my credit report and found the above-mentioned account included in my credit history.  I dispute this debt.  At your earliest convenience, please let me know what the above-mentioned account is regarding.

Again, with no further information, I do not believe that I owe you any money and that your reporting otherwise is wrong.

All of my contact information is below.  I am also writing to request that you do not call me.  All communications should be mailed to my address provided.

Again, this is regarding:  Stellar Recovery Inc 1120 (Equifax)

Stellar Recovery Inc 1522 (TransUnion)

Stellar Recovery Inc 1522 (Experian)

Stellar Recovery Inc 1522 (Equifax)

Thank You,

Michael Jordan
SS:
DOB:

# **<u>EXHIBIT B</u>**

## FAX Transmission Status

**Transmission complete: 2015-4-25 7:56:29 MDT**

**Job ID**  188208250  **Destination**  (877)277-5520
**Status**  Success  **Detail**  Success
**Pages**  3  **Xmit Time**  00:00:45

